UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **THOMAS GADDIS,** | ) |
| **Petitioner,** | ) |
| v. | )  Case No. 1:21-cv-00567-RDP-SGC |
| **KELLEY JOHNSON**, *et al.*, | ) |
| **Respondents.** | ) |

## MEMORANDUM OPINION

The Magistrate Judge entered a Report and Recommendation on April 30, 2021, recommending this habeas petition filed by Thomas Gaddis pursuant to 28 U.S.C. § 2241[1] be dismissed for failing to assert any claims cognizable, or seek any relief available, in a federal habeas corpus action and/or for failing to exhaust state court remedies. (Doc. 3 at 8-9). Although advised of his right to file specific written objections to the Report and Recommendation within fourteen (14) calendar days, Gaddis has not submitted objections, or any other response, to the court within the prescribed time.[2]  (*Id.* at 9-10)

After careful consideration of the record in this case and the Magistrate Judge's Report and Recommendation, the court **ADOPTS** the Report of the Magistrate Judge and **ACCEPTS** her

---

[1] Gaddis's initial petition invoked § 2241. (Doc. 1 at 1). In a subsequent notice, Gaddis claimed he was pursuing relief under § 2254. (Doc. 2). Based on state court records available at the time, which did not reflect Gaddis's sentencing, the Magistrate Judge concluded § 2241 provided the only possible source of habeas relief. (Doc. 3 at 4). Nevertheless, the Magistrate Judge discussed the reasons Gaddis was not entitled to relief under either statute. (*Id.* at 4-6). After entry of the Report and Recommendation, the relevant sentencing order was entered in the state court record. *State of Alabama v. Gaddis*, 61-CC-2019-000410.00 (Talladega Cty. Cir. Ct.). While the sentencing order was dated as signed on April 22, 2021, it was not entered on the record until May 4, 2021. Accordingly § 2254 relief was technically available at the time the Magistrate Judge entered the Report and Recommendation. Nonetheless, any § 2254 claims Gaddis may have are unexhausted. (*See* Doc. 4 at 5-6).

[2] A "Request [for] Mandamus Order" was docketed as filed in this case on April 30, 2021. (Doc. 4). Given Gaddis dated the submission April 27, 2021, it cannot fairly be construed as objections to the April 30, 2021 Report and Recommendation. Regardless, the filing largely repeats Gaddis's conclusory allegations addressed in the Report and Recommendation.

Recommendation.  In accordance with the Recommendation, the court finds Gaddis's federal habeas petition is due to dismissed.  Additionally, in accordance with Rule 11 of the *Rules Governing 2254 Proceedings,* the court concludes a certificate of appealability is due to be denied.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation omitted).  Based on the Magistrate Judge's findings—to which Gaddis has not objected—the court concludes Gaddis has not made the requisite showing.

      A separate order will be entered.

      **DONE** and **ORDERED** this May 26, 2021.

                                          **R. DAVID PROCTOR**
                                          UNITED STATES DISTRICT JUDGE